IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION 5

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 14, 2017
OFFICE OF THE CLERK

| | |
|---|---|
| RICK A. SCHAEFFER and MARY ADELAIDE SCHAEFFER<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TENNESSEE BANK NATIONAL ASSOCIATION and NATIONSTAR MORTGAGE LLC<br><br>Defendants. | §§§§§§§§§§§§§<br><br>Civil Action No. 17-5238-PKH |

## NOTICE OF REMOVAL

Defendant Nationstar Mortgage LLC removes the action filed by plaintiffs Rick A. Schaeffer and Mary Adelaide Schaeffer in the Circuit Court of Washington County, Arkansas to the United States District Court for the Western District of Arkansas, Fayetteville Division 5, pursuant to 28 USC §§ 1332 and 1441 for the reasons set out below.

### I.   STATEMENT OF THE CASE

The Schaeffers commenced this suit styled *Rick A. Schaeffer and Mary Adelaide Schaeffer v. First Tennessee Bank National Association and Nationstar Mortgage LLC* and assigned case no. 17-2488-5 on October 31, 2017.[1] This lawsuit concerns the real property located at 2865 Dorchester Drive, Fayetteville, Arkansas 72703 (**property**).[2] The Schaeffers sue to enjoin defendants First Tennessee Bank National Association and Nationstar, the mortgagee and mortgage servicer, respectively, from completing a foreclosure sale of the property

---

[1] *See generally*, Complaint for Declaratory Judgment and Petition for Injunctive Relief (**complaint**), **exhibit 1.**
[2] *See* complaint, at ¶ 3.

scheduled November 14, 2017.[3]  The Schaeffers also request the court enter a judgment declaring the November 14 foreclosure "is invalid and may not proceed."[4]

The Schaeffers sought and obtained an ex parte temporary restraining order enjoining the November 14, 2017 foreclosure sale.[5]

## II.   BASIS FOR DIVERSITY JURISDICTION

The Court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

### A.   The parties are citizens of different states.

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Id.* at 610.  In this case, the citizenship of the parties is completely diverse:

The Schaeffers are citizens of the State of Arkansas because that is where they are domiciled.[6]  *See Janzen v. Goos*, 302 F.2d 421, 424-25 (8th Cir. 1962).

Nationstar is a Delaware limited liability company.  A limited liability company's citizenship, for purposes of diversity jurisdiction is the citizenship of each of its members.  *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Nationstar's members are Nationstar Sub1 LLC and Nationstar Sub2 LLC.  Both are Delaware limited liability companies wholly-owned by Nationstar Mortgage Holdings, Inc., a Delaware corporation.  Nationstar Mortgage Holdings, Inc.'s principal place of business is in Texas.

---

[3] *See* complaint, at ¶¶ 11-12.
[4] *See* complaint, at ¶ 13.
[5] *See* Ex Parte Temporary Restraining Order, **exhibit 3**.
[6] *See* complaint, at ¶ 1.

Nationstar is a citizen of Delaware and Texas for purposes of diversity jurisdiction. *See* 28 USC § 1332(c)(1).

First Tennessee is a national banking association. National banks are "deemed citizens of the States in which they are respectively located." *See* 28 USC § 1348. For diversity purposes, a national bank is located "in the State designated in its articles of association as its main office." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). First Tennessee's main office, as designated in its articles of association, is located in Memphis, Tennessee, making First Tennessee a citizen of Tennessee for purposes of diversity jurisdiction.

**B.    The amount in controversy exceeds $75,000.**

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. *See* 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.* 393 F.3d 828, 831 (8th Cir. 2005). In those instances, the removing party "invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Id.* (quoting *Mo. ex rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family P'Ship*, 393 F.3d at 833 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In this case, the Schaeffers seek both declaratory and injunctive relief regarding the parties' respective rights, duties and obligations in and to the property as it relates to the mortgage. Their petition is titled a "complaint for declaratory judgment and petition for injunctive relief," and the relief sought is declaratory relief.[7] Further, the Schaeffers sought and obtained a temporary restraining order to enjoin Nationstar and First Tennessee from foreclosing the mortgage and selling the property.[8] The object of this litigation—the property—is currently appraised at $404,600 by the Washington County Assessor's Office.[9] Accordingly, the amount in controversy exceeds $75,000 and the court may exercise diversity jurisdiction over this action.

### III.   THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Removal of this action is timely under 28 USC § 1446(b) because it is being filed within thirty days of the receipt of the petition, through service or otherwise, by Nationstar. First Tennessee's consent is not necessary to this removal because it has not been served. *See* 28 USC § 1446(b)(2)(A) ("all defendants who have been properly joined and *served* must join in or consent to the removal of the action") (*emphasis added*); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Venue is proper in this court because the United States District Court for the Western District of Arkansas embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding the

---

[7] *See* complaint, at ¶ 13 and Prayer ("WHEREFORE, premises considered, Plaintiffs ... pray ... that the Court enter an Order declaring the attempted statutory foreclosure by the Defendant was invalid and therefore void").
[8] *See generally*, Ex Parte Temporary Restraining Order.
[9] *See* Washington County Report for the property, **exhibit 6**.

removal of this action. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-4**.

### IV.   CONCLUSION

The court may exercise diversity jurisdiction over this action because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000.

Date: November 14, 2017                             Respectfully submitted,

_____
Michael J. McKleroy, Jr., ABN: 2016029
michael.mckleroy@akerman.com
Matthew W. Lindsey, TX BN: 24071893
matthew.lindsey@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
NATIONSTAR MORTGAGE LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2017, a true and correct copy of the foregoing was served as follows:

Richard P. Osborne
26 East Center Street
Fayetteville, Arkansas 72701
*Attorney for plaintiffs Rick A. Schaeffer and
Mary Adelaide Schaeffer*
**VIA CERTIFIED MAIL RECEIPT
NO. 9414 7266 9904 2092 0130 17
AND EMAIL: rpo@rpolaw.com**

_____
Matthew W. Lindsey